IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KENNETH BECKMAN,**
    **Plaintiff,**

v.                                                                Civil Action No.: 1:11-cv-133

**T.K. STANLEY, INC.,**
    **Defendant.**

## MEMORANDUM OPINION AND ORDER

### I.
### Procedural History

Plaintiff filed the within action on July 19, 2011 in the Circuit Court of Marion County, West Virginia. Generally, Plaintiff alleges Defendant, his former employer, wrongfully discharged him as a full time truck driver and thereafter tortiously interfered with Plaintiff's attempt to secure employment with another company. The case was removed to this Court on August 18, 2011 (DE1). A scheduling order was entered by the District Judge closing discovery on June 1, 2012 and setting the case for jury trial on November 5, 2012 (DE8). Defendant filed discovery requests (First Set of Interrogatories and First Requests for Production of Documents) on December 5, 2011 (DE 12 and 13). Plaintiff served Answers and Responses on Defendant on February 13, 2012. Defendant took Plaintiff's deposition on March 7, 2012 (DE 14). Defendant filed its Motion To Compel Answers To Interrogatories And Responses To Requests For Production Of Documents And For Expenses (DE 16) on March 9, 2012. The District Judge Referred the matter to the undersigned on March 12, 2012 pursuant to 28 U.S.C. §636(b)(1)(A) (DE 18).

### II.
### Contentions

**Defendant**

    Defendant contends:

1) It granted numerous extensions to Plaintiff's counsel to answer and respond to its December 5, 2011 interrogatories and requests for production;

2) Plaintiff served Answers and Responses on Defendant on February 13, 2012;

3) Plaintiff's Answers and Responses to Interrogatories 5, 6, 8, 9, 10, 12, 13, 14, and 22 and Requests 2, and 25 were inadequate and incomplete;

4) Counsel for Defendant corresponded (letter dated February 17, 2012 and follow up email dated February 24, 2012) with Plaintiff's counsel and thereafter met in person with Plaintiff's counsel March 7, 2011 in an effort to resolve the discovery dispute without court intervention; and

5) Plaintiff's counsel and Plaintiff have failed to supplement the responses.

**Plaintiff**

Plaintiff did not respond to the Motion To Compel and the time for such response has expired.

## III.
## Discussion

**Interrogatories at issue:**

Interrogatory 5: Please state the name and address of each and every person who has knowledge of the facts and circumstances contained in your complaint and, for, each, please state:
(a) The substance of the facts known by each said witness;
(b) The relationship, if any, to you;
(c) The relationship, if any, to T.K. Stanley; and
(d) Whether you or a representative has taken a written statement for each said, person.

Answer: James Wills, brother-in-law and former T.K. Stanley employee
Randy Waddell, current T.K. Stanley employee
David Graham, current T.K. Stanley employee
No statements have been taken from any person.

Complaint: Response fails to include individuals that were revealed in Plaintiff's deposition testimony; fails to provide the substance of the facts known by each said witness; and T.K. Stanley is entitled to the information.

| | |
|---|---|
| Interrogatory 6: | Please identify each person whom you expect to call as an expert witness at trial.  For each such person, state the following:<br>(a)  His or her name, address, telephone number, and occupation;<br>(b)  The subject on which the expert is expected to testify;<br>(c)  The substance of facts and opinions to which the expert is expected to testify including summary of the grounds for each opinion;<br>(d)  A summary of his or her expected testimony; and<br>(e)  Whether you have a written report from the expert. |
| Answer: | PA DOT or WV DOT employees handling commercial vehicle citations; can provide documentation and information regarding any citations for T.K. Stanley; no written report. |
| Complaint: | The answer fails to meet the scope of the information requested.  Expert witness disclosures were due on February 3, 2012.  Plaintiff did not disclose any experts. |
| Interrogatory 8: | With respect to the allegation in your complaint that "[d]uring his employ, the Plaintiff was instructed by the Defendant on numerous occasions to haul oversized loads illegally when the Defendant would have difficulty obtaining the proper permits," please state the following:<br>(a)  Cite to and describe all evidence which supports said allegation, including but not limited to all dates on which such instructions to Plaintiff was made;<br>(b)  Sate the name, home and business address and home and business telephone number of each and every person who has knowledge of any of the facts set forth in your response to subsection a. above, including but not limited to the identity of all individuals who instructed Plaintiff to take such action; and<br>(c)  State whether there exists any document or other piece of non-testimonial evidence to support such facts and, if so, it is hereby requested that you produce for inspection and copying, or attach to your Answers to these Interrogatories, a copy of each document or other piece of non-testimonial evidence. |
| Answer: | Pennsylvania Department of Transportation or West Virginia Department of Transportation officers have numerous citations on file.  Every driver of T.K. Stanley, past or present, can verify the way Stanley operates.  Shane, a T.K. Stanley supervisor, and Clay Courlaw know what happened regarding permits and oversize loads. |
| Complaint: | Plaintiff failed to provide dates on which alleged instructions were made to Plaintiff to haul oversized loads illegal and failed to identify all individuals who instructed Plaintiff to take such action. |
| Interrogatory 9: | With respect to the allegation in your complaint that "[o]n one occasion the Plaintiff was forced to park for an extended period of time in Hazelton, West Virginia because the Defendant could not get proper oversized load permits in West Virginia and therefore demanded that the Plaintiff illegally haul his load to Pennsylvania-where permits had been obtained-on the roads of West |

|  |  |
|---|---|
| | Virginia, but the Plaintiff refused. The Defendant then paid another employee $100.00 'under the table' to haul the illegal load to Pennsylvania," please state the following:<br>(a) Cite to and describe all evidence which supports said allegation, including but not limited to all date [sic] on which this alleged incident occurred;<br>(b) State the name, home and business address and home and business telephone number of each and every person who has knowledge of any of the facts set forth in your response to subsection a. above, including but not limited to the identity of [sic] individual who instructed Plaintiff to take such action, the identity of the individual who paid another individual "under the table," and the identity of the individual who was paid "under the table;" and<br>(c) State whether there exists any document or other piece of non-testimonial evidence to support such facts and, if so, it is hereby requested that you produce for inspection and copying, or attach to your Answers to these Interrogations, a copy of each document or other piece of non-testimonial evidence. |
| Answer: | The Plaintiff has no evidence regarding this transaction. The person giving the instruction was Frank, the manager (last name unknown). The person who received the payment was from Mississippi and the Plaintiff does not know his name. |
| Complaint: | Plaintiff failed to provide the date when this alleged incident occurred. |
| Interrogatory 10: | With respect to the allegation in your complaint that "[t]he Plaintiff immediately and consistently objected to the illegal practice of hauling oversized loads without proper permits," please state the following:<br>(a) Cite to and describe all evidence which supports said allegation, including but not limited to all dates on which such objections were made;<br>(b) State the name, home and business address and home and business telephone number of each and every person who has knowledge of any of the facts set forth in your response to subsection a. above, including but not limited to the identity of the individuals to whom the objections were made; and<br>(c) State whether there exists any document or other piece of non-testimonial evidence to support such acts and, if so, it is hereby requested that you produce for inspection and copying, or attach to your Answers to these Interrogatories, a copy of each document or other piece of non-testimonial evidence. |
| Answer: | The Plaintiff is unable to recall specific dates when he refused to haul oversize loads (with the exception of September 17, 2010). The Pennsylvania Department of Transportation and the West Virginia Department of Transportation have multiple citations on file. |
| Complaint: | Plaintiff fails to identify the individuals to whom he allegedly made objections about the alleged practices at issue. |

| | |
|---|---|
| Interrogatory 12: | With respect to the allegation in your complaint that "[w]hen the Plaintiff again refused to engage in the illegal activities required by the Defendant, the Plaintiff was given a choice: haul the illegal load or be fired.  His supervisor told him 'if you don't want to take this load, then take your truck back to the shop and clean it out-you're done.'  The Plaintiff persisted in his refusal to haul illegally, and was fired," please state the following: |

(a) Cite to and describe all evidence which supports said allegation;
(b) State the name, home and business address and home and business telephone number of each and every person who has knowledge of any of the facts set forth in your response to subsection a. above, including but not limited to the identity of the supervisor who told Plaintiff "if you don't want to take this load, then take your truck back to the shop and clean it out - you're done"' and
(c) State whether there exists any document or other piece of non-testimonial evidence to support such facts and, if so, it is hereby requested that you produce for inspection and copying, or attach to your Answers to these Interrogatories, a copy of each document other piece of non-testimonial evidence.

| | |
|---|---|
| Answer: | Plaintiff is not in possession of the improper permit.  The permit was taken when Plaintiff was told to take the truck back and clean it out.  With the exception of Shane and Clay, David Graham, telephone number 304-952-1611, was the only witness. |
| Complaint: | Plaintiff's answer fails to identify the name of the supervisor who made the alleged statement. |
| Interrogatory 13: | With respect to the allegation in your complaint that "[t]he Plaintiff had worked approximately fourteen (14) hours on September 17 before being fired.  However, Stanley later falsely informed several third parties - including the Unemployment Office - that the Plaintiff had been terminated on September 16,," please state the following: |

(a) Cite to and describe all evidence which supports said allegation, including the nature of the work performed by Plaintiff on September 17, including all routes driven by Plaintiff on this date;
(b) State the name, home and business address and home and business telephone number of each and every person who has knowledge of any of the facts set forth in your response to subsection a. above, including but not limited to the identity of all third parties who were false [sic] informed that the Plaintiff had been terminated on September 16 and the identity of individual who provided this information to the third parties; and
(c) State whether there exists any document or other piece of non-testimonial evidence to support such facts and, if so, it is hereby requested that you produce for inspection and copying, or attach to your answers to these Interrogatories, a copy of each document or other piece of non-testimonial evidence.

| | |
|---|---|
| Answer: | The Unemployment Office file has this information and said file has been |

|  |  |
|---|---|
| | requested. |
| Complaint: | The answer fails to identify the individual who allegedly provided information to third parties that Plaintiff was terminated on September 16, 2010. |
| Interrogatory 14: | With respect to the allegation in your complaint that "[d]uring the Plaintiffs' ensuring [sic] unemployment compensation claim - in which the Plaintiff was found to be without fault in his termination - the Plaintiff attempted to obtain employment at Allied Waste. However, Defendant Stanley deliberately made disparaging and defamatory statements about the Plaintiff to Allied management, including that he 'didn't know when to keep his mouth shut,' for the purpose of destroying the Plaintiff's employment prospects with Allied, and Plaintiff was in fact denied employment with Allied," please state the following: |
| | (a) Cite to and describe all evidence which supports said allegation; |
| | (b) State the name, home and business address and home and business telephone number of each and every person who has knowledge of any of the facts set forth in your response to subsection a. above, including but not limited to the identity of the individual who made the comment to Allied management that Plaintiff "didn't know when to keep his mouth shut," the identity of the individuals of Allied management to whom this comment was made, and the identity of the individual who conveyed this information to Plaintiff; and |
| | (c) State whether there exists any document or other piece of non-testimonial evidence to support such facts and, if so, it is hereby requested that you produce for inspection and copying, or attach to your answers to these Interrogatories, a copy of each document or other piece of non-testimonial evidence. |
| Answer: | No written proof. All was done by phone. |
| Complaint: | Plaintiff's response fails to identify the individuals of Allied management to whom this comment was allegedly made and to identify the individual who allegedly conveyed this information to Plaintiff. |
| Interrogatory 22: | Pleasge [sic] identify all social media networks on which you currently maintain/manage accounts. If you do not currently maintain/manage accounts on any social media networks, please state the date on which you ceased maintaining/managing or on which you deleted said accounts and whether you still have access to the content on such accounts. |
| Answer: | N/A. |
| Complaint: | Plaintiff testified in his deposition that he had an account on facebook.com. |
| Request 1: | Please produce copies of all documents that you intend to introduce at trial of this action, any documents which you may use for demonstrative purposes at the trial of this action, and any documents which you intend to use for impeachment purposes at the trial of this action. |
| Response: | None. |

| | |
|---|---|
| Complaint: | The response is inconsistent with Plaintiff's deposition testimony and he should either be held to his response or required to supplement it. |
| Request 25: | Please produce any and all documents within your possession or control that describe, detail, explain, and/or set forth any and all benefits (including, but not limited to, medical insurance, paid/unpaid vacation/sick/personal time available to you, retirement benefits, etc.) you have been offered and/or currently receive from your current employer. |
| Response: | Plaintiff will request documents from current employer. |
| Complaint: | Plaintiff has had ample time (approximately 3 months to provide the information) and has not. |

**L.R.Civ.P. 26.01 (c) and F.R.Civ.P. 37(a)(1)**

LR.Civ.P. 26.01 (c) provides in pertinent part: "The judicial officer shall not consider any discovery motion under this Rule unless it is accompanied by a certification that the moving party has made a reasonable and good-faith effort to reach agreement with counsel or unrepresented parties opposing the further discovery sought by the motion."

F.R.Civ.P. 37(a)(1) provides: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

Defendant's counsel's letter (Exhibit B to the motion), the follow-up email, coupled with the telephone and face to face conferences with Plaintiff's counsel constitute the reasonable and good-faith effort to reach agreement as contemplated by the rule and was properly certified in the motion.

**Relevance**

F.R.Civ.P. 26(b)(1) provides: "unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know

of any discoverable matter...." The "discovery rules are to be accorded a broad and liberal treatment." Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed.451 (1947). However, the discovery sought must be relevant F.R.C.P. 26(b)(1); see also Herbert v. Lando, 441 U.S. 153, 99 S.Ct 1635, 60 L.Ed.2d 115 (1979). In striking the appropriate balance, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." Hinkle v. City of Clarksburg, 81 F.3d 416 (4th Cir. 1996). "Discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action." Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121 (M.D.N.C. 1989). Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

There are no court orders limiting the scope of discovery in this action. The Scheduling Order establishes a time frame for the completion of discovery. Plaintiff did not assert any claim of privilege or objection to Defendant's discovery.

**Analysis**

Interrogatories 8, 9, 10, 12, 13, 14, and 22 each seek discovery concerning a specific allegation in Plaintiff's complaint and are therefor relevant to a claim or defense.

Interrogatory 5 seeks the identity of those who would have information relative to the claims made in Plaintiff's complaint and is therefore relevant.

Interrogatory 6 seeks the identity of expert witnesses and is relevant at this stage of the proceedings because Plaintiff failed to disclose experts by February 3, 2012 as required by te Court's scheduling order (DE 8).

Requests 1 and 25 are relevant because they seek discovery of documents that will be

introduced as evidence or used for demonstration purposes at trial with respect to Plaintiff's claims and seek discovery of documents supporting potential elements of damages that arise from claims such as made by Plaintiff.

The Court next proceeded to a review of Plaintiff's responses.

Plaintiff's response to Interrogatory 5 is incomplete for the following reasons: 1) Based solely on the representation of Defendant's counsel[1] in the Memorandum of Law in Support of the Motion To Compel (DE 17, p. 4), Plaintiff's deposition testimony allegedly named others who had knowledge of the facts and circumstances of the claims made other than the three he provided in his answer to Interrogatory 5. 2) Plaintiff's response fails to provide "the substance of the facts known by each said witness" for the three people he did name, to wit: James Wills, Randy Waddell, and David Graham.

Plaintiff's response to Interrogatory 6 is incomplete. The response does not provide a single name, address, telephone number for any PA DOT or WV DOT employee who handles commercial vehicle citations who is expected to be called as an expert witness. The response does not provide the subject matter, the substance of facts and opinions, summary of the grounds for each opinion, and summary of his or her expected testimony. The failure of Plaintiff to make the disclosures pursuant to the Court's scheduling order[2] and Interrogatory 6 frustrates discovery required under F.R.Civ.P. 26(a)(2)(A) and (B). Such information is essential to determining whether or not to call counter experts or to mount a <u>Daubert</u> challenge to the experts disclosed. Plaintiff's failure to

---

[1] The Court was not provided with a transcript of Plaintiff's deposition. The Court was not provided with the names of individuals testified to by Plaintiff that has knowledge of the facts and circumstances contained within the complaint.

[2] The Courts scheduling order provides a time frame for the orderly disclosures of F.R.Civ.P. 26(a)(2) information.

provide timely disclosure of experts frustrated and prevented Defendant from having the information necessary for it to meet its obligation to timely disclose its rebuttal experts. Failure to disclose frustrates the ability of Defendant to complete discovery by the cut off deadline of June 1, 2012. Plaintiff has had more than adequate time and opportunity to know that his response to Interrogatory 6 was incomplete or incorrect and timely supplement or correct the same pursuant to F.R.Civ.P. 26(e)[3].

Plaintiff's response to Interrogatory 8 is incomplete for the following reasons: 1) Plaintiff's response fails to set forth the date or dates Defendant allegedly instructed him to haul oversized loads illegally when the Defendant would have difficulty obtaining the proper permits. 2) Plaintiff's response fails to provide the last name, the home and business address and home and business telephone number of "Shane", a T.K Stanley supervisor who is alleged to know what happened regarding permits and oversize loads. 3) Plaintiff's response fails to provide the home and business address and home and business telephone number of Clay Courlaw who is alleged to know what happened regarding permits and oversize loads. 4) Plaintiff's response fails to provide the name, the home and business address and home and business telephone number of every driver of T.K. Stanley, past or present, "who can verify the way Stanley operates." 5) Plaintiff's response fails to "identityall of the individuals who instructed Plaintiff to take such action (8(b)).

Plaintiff's response to Interrogatory 9 as set forth in toto within this Order may or may not be incomplete for the following reasons: 1) If Plaintiff "has no evidence regarding [the] transaction" as stated, that may be the only answer he can give and he may be prohibited from offering any evidence at trial beyond that which he provided in his response. To date Plaintiff has not

---

[3]Counsel for Defendant sent counsel for Plaintiff a letter dated February 17, 2012 detailing the deficiencies in Plaintiff's responses to discovery. DE 17, Exhibit B.

supplemented his response. F.R.Civ.P. 37(c). 2) If Plaintiff does not know the last name of "Frank", the person he alleges is the manager who instructed him to move an un-permitted overweight load in WV to PA as stated in his response, that may be the only answer he can give and he may be prohibited from offering any evidence at a future hearing or trial beyond that which he provided in his response. To date Plaintiff has not supplemented his response. F.R.Civ.P. 37(c). 3) Plaintiff did not answer with respect to the "identity of individual who paid the individual under the table to take the load from WV to PA and did not state that he did not know such person's identity. 4) If Plaintiff does not know "the identity of the individual who was paid 'under the table '" as stated in his response, that may be the only answer he can give and he may be prohibited from offering any evidence at a future hearing or trial beyond that which he provided in his response. To date Plaintiff has not supplemented his response. F.R.Civ.P. 37(c). 5) Plaintiff's response fails to "[s]tate whether there exists any document or other piece of non-testimonial evidence to support such acts and, if so, ... attach to [his] Answers to these Interrogatories, a copy of each document or other piece of non-testimonial evidence." Plaintiff's response that "he has no evidence regarding this transaction" is perhaps the only response Plaintiff can make to the request for non-testimonial proof. If that is so and Plaintiff does not supplement, then he may be prohibited from offering any such non-testimonial evidence at a future hearing or trial, F.R.Civ.P. 37(c).

 Plaintiff's response to Interrogatory 10 is incomplete in that it fails to identify "the individuals to whom the objections were made."

 Plaintiff's response to Interrogatory 12 is incomplete in that it fails "to identify the name of the supervisor who made the alleged statement at issue to Plaintiff." Plaintiff's response names a Shane [LNU], a Clay [LNU], and David Graham. Plaintiff fails to identify any of these individuals as the supervisor.

Plaintiff's response to Interrogatory 13, to wit: The Unemployment Office file has this information and said file has been requested" is incomplete for the following reasons: 1) it fails to identify the person who allegedly provided information to third parties that Plaintiff was terminated on September 16, 2010. 2) Plaintiff served Answers and Responses on Defendant on February 13, 2012. At the time of his response he allegedly had already requested a copy of the unemployment file. To this date there is no evidence that Plaintiff has supplemented his February 13, 2012 response to interrogatory 13 with a copy of the unemployment file or any portion thereof.

Plaintiff's response to Interrogatory 14 is incomplete because it fails to identify "the individuals of Allied management to whom this comment was allegedly made and the identity of the individual who allegedly conveyed this information to Plaintiff."

Plaintiff's response to Interrogatory 22 is incomplete in that it does not provide the required information for a face book account Plaintiff testified to in his deposition.

Plaintiff's response to Request 1 may or may not be incomplete. Plaintiff states he has no documents that he intends to introduce at trial, that he intends to use at trial for demonstrative purposes, or that he intends to use for impeachment purposes. If that is so and Plaintiff does not supplement, then he may be prohibited from offering any such evidence at a future hearing or trial, F.R.Civ.P. 37(c).

Plaintiff's response to Request 25 is incomplete in that the response was filed February 13, 2012, Plaintiff committed to requesting documents for his current employer, and no supplement has been made.

Defendant's motion is couched in the terms of F.R.Civ.P. 37(a)(3)(B)(iii) and (iv). Pursuant to F.R.Civ.P. 37(a)(4) "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."

**Substantial Justified**

F.R.Civ.P. 37(a)(5)(A) ***Payment of Expenses; Protective Orders*** provides:

> *If the Motion is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the Court must not order this payment if:
>
> (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii)   the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii)  other circumstances make an award of expenses unjust.

The Supreme Court, interpreted the meaning of "substantially justified" in connection with the Equal Access to Justice Act. It found the phrase to mean: " 'justified in substance or in the

main'-that is, justified to a degree that could satisfy a reasonable person." 487 U.S. 552, 566, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). An individual's conduct is found to be "substantially justified" if it is a response to a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." Id. at 565, 108 S.Ct. 2541; see also Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2288 (1994) ("Making a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule.").

In the instant matter, Plaintiff nor his counsel attempted to justify their actions in failing to provide discovery in response to the questions presented and requests made. Plaintiff nor his counsel filed any response to Defendant's motion to compel. Moreover, based on what is now before the Court, there is no apparent substantial justification for Plaintiff's failure fully, completely, and timely to respond to the discovery as propounded.

Pursuant to F.R.Civ.P. 37(d)(1)(A)(ii): "The Court where the action is pending may, on motion, order sanctions if: (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections or written response." The type of sanctions are set forth in F.R.Civ.P. 37 (d)(3) Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including reasonable attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances made an award of expenses unjust."

## IV.
## Order

For the reasons stated herein Plaintiff shall have until April 15, 2012 within which to fully

and completely respond to Interrogatories 5, 8, 9, 10, 12, 13, 14, and 22. For the reasons stated herein Plaintiff shall have until April 15, 2012 within which to fully and completely respond to Requests 1, and 25.

With respect to Interrogatory 6, to grant Defendant's motion to compel as made would have the practical effect of giving the Plaintiff an additional ½ month to now disclose expert witnesses after he failed to do so in accord with the Court's unmodified scheduling order and after he failed to do so with respect to the rules governing time for response to discovery. To reward the Plaintiff with more time frustrates both the Court's scheduling order and the rules.

Accordingly, Plaintiff shall have 10 days to show cause in writing why his failure to timely identify expert witnesses - Interrogatory 6 - under the Court's scheduling order and the Rules of Civil Procedure is "substantially justified or is harmless" (F.R.Civ.P. 37(c)(1)) and why this Court should not impose a sanction of prohibiting Plaintiff from "introducing designated matters [expert witnesses] in evidence" under F.R.Civ.P. 37 (b)(2)(A)(ii) in addition to any other sanction under F.R.Civ.P. 37(c)(1).

Within fourteen (14) calendar days of entry of this Order Counsel for Defendant shall file with the Court and serve on Plaintiff's counsel any accounting of the fees and costs necessitated in filing the motion to compel. Counsel for Plaintiff shall file any objections to Defendant's claims of costs and fees and the amounts claimed, within 7 calendar days of the filing of any such accounting. Only if a claim for fees and objection thereto is filed will the Court schedule a hearing to provide Plaintiff an opportunity to be heard.

For docketing purposes Defendant's Motion To Compel [DE 16] is **GRANTED.**

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the rulings set forth above may be contested by filing, within 14 days, objections to this Order with United States District

Judge Irene M. Keeley. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found to be clearly erroneous or contrary to law. *(see also* 28 U.S.C. §636(b)(1)(A)).

The clerk is directed to provide electronic notice of the entry of this Memorandum Opinion and Order to all counsel of record.

The clerk is further directed to remove DE 16 from the docket of motions actively pending before the Court.

It is so **ORDERED.**

Dated: March 29, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE